UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

**DARA ARGRO, CODY BESS AND MYRNA HORSHINSKI ,**

      **Plaintiffs,**

      -v-              3:12-CV-910 (NAM/DEP)

**BETTE OSBORNE, Individually and as CHENANGO COUNTY, NEW YORK COMMISSIONER OF SOCIAL SERVICES; CRYSTAL CORNELL, in her individual capacity and in her capacity as a Social Worker for the Department of Social Services, Chenango County, New York; LACE-ANN PORTER, in her individual capacity and in her capacity as a Social Worker for the Department of Social Services, Chenango County, New York; LINDA SMITH, in her individual capacity and in her capacity as a Social Worker for the Department of Social Services, Chenango County, New York; DEB MUNYAN, in her individual capacity and in her capacity as a Social Worker for the Department of Social Services, Chenango County, New York; JESSICA SMARSMACH, in her individual capacity and in her capacity as a Social Worker for the Department of Social Services, Chenango County, New York; KATHY LaVOIE, in her individual capacity and in her capacity as a Social Worker for the Department of Social Services, Chenango County, New York; KELLY O'CONNOR, in her individual capacity and in her capacity as a Social Worker for the Department of Social Services, Chenango County, New York; DET. MARSH of Norwich City Police Department, Chenango County, New York, in his official and individual capacities; JOHN DOE, Chenango County Social Worker, in his individual and official capacities; JANE DOE, #1 through JANE DOE#2, Chenango County Officers and employees, to be determined in discovery,**

      **Defendants.**

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

APPEARANCES:

Carroll Law Firm
Woodruff Lee Carroll, Esq.

Galleries of Syracuse, Second Floor
441 South Salina Street
Syracuse, New York 13202
Attorney for Plaintiffs

Levene, Gouldin Law Firm
Erin E. Donnelly, Esq., of counsel
P.O. Box F-1706
Binghamton, New York 13902-0106
Attorneys for County Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

This civil rights action under 42 U.S.C. § 1983 is trial-ready. The trial date has been adjourned to enable settlement negotiations to take place and for resolution of the issue of attorney's fees for plaintiffs' former counsel Tatiana Neroni. On November 18, 2015, Tatiana Neroni was suspended from the practice of law before this Court by Order of Chief United States District Judge Glenn T. Suddaby, dated November 18, 2015. The suspension runs concurrently with her two-year suspension from the practice of law before the Courts of the State of New York, which commenced on November 13, 2015. On January 4, 2016, Woodruff Lee Carroll, Esq., appeared in this case as counsel for plaintiffs.

On January 13, 2016, Attorney Carroll moved (Dkt. No. 95) to determine Tatiana Neroni's attorney's fees in this case. In support of the motion, Attorney Carroll affirms that "the fees need to be fixed to settle the case." Under New York State regulations, a suspended attorney "may be compensated on a quantum meruit basis for legal services rendered and disbursements incurred by him prior to the effective date of the ... suspension order[.]" 22 N.Y.C.R.R. § 603.13(b). The amount and manner of payment of such compensation and recoverable disbursements are to be fixed by the court on the application of either the suspended attorney or

-2-

the new attorney. *Id*. The attorney's right to such compensation gives rise to a charging lien attaching to the client's recovery in the same case. *See* N.Y. Judicary Law § 475.

In opposition to the motion, Tatiana Neroni submitted an affirmation (Dkt. No. 101) to the effect that Attorney Carroll has no authority to apply for attorney's fees on her behalf; that she refuses to state the basis of her fee arrangement with plaintiffs; that she asserts no charging lien on any recovery and does not intend to do so; and that she does not want the Court to determine her attorney's fees. She submitted no evidence of the nature and extent of the services rendered or the time spent in representing plaintiffs prior to her suspension.[1] She further stated that after the case is resolved she will apply for legal fees from defendants under 42 U.S.C. § 1988(b) ("section 1988(b)") "so that the Plaintiffs do not have to pay a penny of my legal fees." Under section 1988(b), a court in its discretion "may allow the prevailing party [in a case under 42 U.S.C. § 1983] ... a reasonable attorney's fee as part of the costs." The right to attorney's fees under section 1988(b) belongs to the party, not the attorney, and whether the attorney receives some or all of a section 1988(b) attorney's fee award depends on the contractual arrangement between the party and the attorney.

Upon referral by this Court, United States Magistrate Judge David E. Peebles issued a Report and Recommendation (Dkt. No. 105) recommending that this Court exercise its discretion to limit the extent of Tatiana Neroni's charging lien to $15,000. Plaintiff's attorney objects (Dkt. No. 106). The Court adopts Magistrate Judge Peebles' summary of the facts and applicable law,

---

[1] "Among the factors a court must consider in assessing the amount of a charging lien on a quantum meruit basis are: (1) the difficulty of the matter; (2) the nature and extent of the services rendered; (3) the time reasonably expended on those services; (4) the quality of performance by counsel; (5) the qualifications of counsel; (6) the amount at issue; and (7) the result obtained (to the extent known)." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 148 (2d Cir. 1998).

and does not repeat them here.

Upon *de novo* review, this Court holds that no quantum meruit valuation of Tatiana Neroni's legal services should be made and no charging lien imposed. Rather, under all the circumstances, Tatiana Neroni should be permitted to forego any right to a charging lien on plaintiffs' recovery, if any, from trial or settlement. This is what she wishes to do, as she makes clear in her 46-page opposition to the motion. In any event, by failing to submit a fee application addressing the relevant factors, she has prevented the Court from fashioning an award. The Court appreciates the efforts of Magistrate Judge Peebles to resolve this issue and facilitate settlement. Nevertheless, under all the circumstances, the Court concludes that Tatiana Neroni has purposefully waived any charging lien in this case and relinquished any right to seek an award of attorney's fees as a portion of any award recovered by plaintiffs in a trial or settlement of this action. This ruling does not affect any right by any party to seek an award of attorney's fees under 42 U.S.C. § 1988(b).

The Court will set a new trial date and due date for pretrial papers. There will be no further adjournments; if the case it not settled, it will go to trial.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 105) is rejected; and it is further

ORDERED that the motion (Dkt. No. 95) to fix Tatiana Neroni's attorney's fees is denied; and it is further

ORDERED that no charging lien exists in favor of Tatiana Neroni, and she has waived any right to recover attorney's fees as a portion of any award recovered by plaintiffs in a trial or

settlement of this action; and it is further

ORDERED that the Court will notify the parties of the new trial date and due date for pretrial papers.

IT IS SO ORDERED.

April 13, 2016
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge